**U.S. District Court**
**District of Nevada**
333 Las Vegas Blvd. So.
Las Vegas, NV 89101

## Official Receipt Form

Note: This receipt is valid only with the corresponding AO82 receipt attached.

**Receipt Number:** 55422            **Date:** 12/18/2019

Received From:

Name: Robert Cassity, Esq. and Sydney Gambee, Esq., Holland & Hart LLP

Address: 9555 Hillwood Drive, 2nd Floor

City: Las Vegas        State: NV        Zip Code: 89134

Case Reference: ConocoPhillips Alaska Inc v. Forrest Wright, Case # 2:19-cv-2132-APG-NJK

Description of Collateral:

Bond No. 022225785 from Liberty Mutual Insurance Company.

Bond in the amount of $5,000.00 posted by plaintiff ConocoPhillips Alaska, Inc., in support of Temporary Restraining Order (ECF No. 12).

NOTE: THIS ORIGINAL RECEIPT MUST BE RETURNED TO THE CLERK OF COURT WHEN THIS BOND/COLLATERAL IS RELEASED.

Receipted By: [signature]

Original receipt must be returned to the Court when exonerated.

---

№ 55422

ORIGINAL RECEIPT FOR PAYMENT
UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEVADA
at _____

NOTE: This receipt is valid only with the corresponding "Official Receipt Form" attached.

AO82 SWEDA (Rev. 4/90)

| Fund | |
|---|---|
| 6855XX | Deposit Funds |
| 604700 | Registry Funds |
| | General and Special Funds |
| 508800 | Immigration Fees |
| 085000 | Attorney Admission Fees |
| 086900 | Filing Fees |
| 322340 | Sale of Publications |
| 322350 | Copy Fees |
| 322360 | Miscellaneous Fees |
| 143500 | Interest |
| 322380 | Recoveries of Court Costs |
| 322386 | Restitution to U.S. Government |
| 121000 | Conscience Fund |
| 129900 | Gifts |
| 504100 | Crime Victims Fund |



**Liberty Mutual. SURETY**

FILED _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC 1 8 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

Bond 022225785

IN THE UNITED STATES DISTRICT COURT

COURT COUNTY _____

CONOCOPHILLIPS ALASKA, INC., 

Case No. 2:19-cv-2132-APG-NJK

**UNDERTAKING ON**
☒ Temporary Restraining Order
☐ Preliminary Injunction
☐ Injunction

Plaintiff

vs.

FORREST WRIGHT; AMANDA WRIGHT; DAVID BENEFIELD; WRIGHT CAPITAL INVESTMENTS, LLC; and DB OILFIELD SUPPORT SERVICES

Defendant

WHEREAS, by an Order of the above entitled Court made on the December 13, 2019, Plaintiff was required to file an undertaking in the sum of $5,000.00 as a condition for a Temporary Restraining Order to be in effect restraining and enjoining the above named Defendant from the commission of certain acts as more fully set forth in said Order,

NOW, THEREFORE, we, CONOCOPHILLIPS ALASKA, INC., as Principal, and Liberty Mutual Insurance Company, a corporation, organized and existing under the laws of the State of Massachusetts and authorized to transact business in the State of Nevada, as Surety, in consideration of the premises and the issuance of said Temporary Restraining Order, do hereby jointly and severally undertake to pay all costs and disbursements that may be decreed to the Defendant and such damages not exceeding the amount of Five Thousand Dollars And Zero Cents Dollars ($5,000.00), as the Defendant may sustain by reason of said Temporary Restraining Order if the same be wrongful and without sufficient cause.

IN WITNESS WHEREOF, we have each set our hands this 13th day of December, 2019.

CONOCOPHILLIPS ALASKA, INC.,

*Pamela A. Boggins*
Pamela A. Boggins
Attorney-in-Fact                                    Principal

Liberty Mutual Insurance Company

By *Misty Witt*
Misty Witt,                                          Attorney-in-Fact

This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

**Liberty Mutual**
SURETY

Liberty Mutual Insurance Company
The Ohio Casualty Insurance Company
West American Insurance Company

Certificate No: **8202570 - 022029**

# POWER OF ATTORNEY

**KNOWN ALL PERSONS BY THESE PRESENTS:** That The Ohio Casualty Insurance Company is a corporation duly organized under the laws of the State of New Hampshire, that Liberty Mutual Insurance Company is a corporation duly organized under the laws of the State of Massachusetts, and West American Insurance Company is a corporation duly organized under the laws of the State of Indiana (herein collectively called the "Companies"), pursuant to and by authority herein set forth, does hereby name, constitute and appoint, _____
Orlando Aguirre, Mario Arzamendi, Mary Ann Garcia, Tannis Mattson, Sandra Parker, Gina A. Rodriguez, Laura E. Sudduth, Amanda Turman-Avina, Misty Witt

all of the city of ___Houston___ state of ___TX___ each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents and shall be as binding upon the Companies as if they have been duly signed by the president and attested by the secretary of the Companies in their own proper persons.

**IN WITNESS WHEREOF,** this Power of Attorney has been subscribed by an authorized officer or official of the Companies and the corporate seals of the Companies have been affixed thereto this __12th__ day of __November__, __2019__.




Liberty Mutual Insurance Company
The Ohio Casualty Insurance Company
West American Insurance Company

By: _David M. Carey_
David M. Carey, Assistant Secretary

State of PENNSYLVANIA
County of MONTGOMERY ss

On this __12th__ day of __November__, __2019__ before me personally appeared David M. Carey, who acknowledged himself to be the Assistant Secretary of Liberty Mutual Insurance Company, The Ohio Casualty Company, and West American Insurance Company, and that he, as such, being authorized so to do, execute the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

**IN WITNESS WHEREOF,** I have hereunto subscribed my name and affixed my notarial seal at King of Prussia, Pennsylvania, on the day and year first above written.



COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Upper Merion Twp., Montgomery County
My Commission Expires March 28, 2021
Member, Pennsylvania Association of Notaries

By: _Teresa Pastella_
Teresa Pastella, Notary Public

*Not valid for mortgage, note, loan, letter of credit, currency rate, interest rate or residual value guarantees.*

*To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.*

This Power of Attorney is made and executed pursuant to and by authority of the following By-laws and Authorizations of The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company which resolutions are now in full force and effect reading as follows:

**ARTICLE IV – OFFICERS:** Section 12. Power of Attorney.
Any officer or other official of the Corporation authorized for that purpose in writing by the Chairman or the President, and subject to such limitation as the Chairman or the President may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Corporation to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Corporation by their signature and execution of any such instruments and to attach thereto the seal of the Corporation. When so executed, such instruments shall be as binding as if signed by the President and attested to by the Secretary. Any power or authority granted to any representative or attorney-in-fact under the provisions of this article may be revoked at any time by the Board, the Chairman, the President or by the officer or officers granting such power or authority.

**ARTICLE XIII – Execution of Contracts:** Section 5. Surety Bonds and Undertakings.
Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

**Certificate of Designation** – The President of the Company, acting pursuant to the Bylaws of the Company, authorizes David M. Carey, Assistant Secretary to appoint such attorneys-in-fact as may be necessary to act on behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

**Authorization** – By unanimous consent of the Company's Board of Directors, the Company consents that facsimile or mechanically reproduced signature of any assistant secretary of the Company, wherever appearing upon a certified copy of any power of attorney issued by the Company in connection with surety bonds, shall be valid and binding upon the Company with the same force and effect as though manually affixed.

I, Renee C. Llewellyn, the undersigned, Assistant Secretary, The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy of the Power of Attorney executed by said Companies, is in full force and effect and has not been revoked.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed the seals of said Companies this __13th__ day of __December__, __2019__.





By: _Renee C. Llewellyn_
Renee C. Llewellyn, Assistant Secretary

LMS-12873 LMIC OCIC WAIC Multi Co_062018

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CONOCOPHILLIPS ALASKA, INC., <br><br>Plaintiff, <br><br>v. <br><br>FORREST WRIGHT; AMANDA WRIGHT; DAVID BENEFIELD; WRIGHT CAPITAL INVESTMENTS, LLC; and DB OILFIELD SUPPORT SERVICES, <br><br>Defendants. | Case No. 2:19-cv-2132-APG-NJK <br><br>**TEMPORARY RESTRAINING ORDER** <br><br>[ECF No. 2] |

Plaintiff ConocoPhillips Alaska, Inc. (ConocoPhillips) filed an Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction. ECF Nos. 2, 3. On December 13, 2019 I conducted an ex parte hearing on that application. This is a proper instance for a temporary restraining order to be issued without notice. If defendants Forrest Wright, Amanda Wright, and Wright Capital Investments, LLC ("the Defendants") are not restrained by court order, ConocoPhillips very likely will suffer immediate and irreparable injury through the potential dissipation of funds the Defendants obtained from ConocoPhillips through improper means, dissipation or further transfer of real property the Defendants purchased using funds improperly obtained from ConocoPhillips, and any rents derived from or loan proceeds related to those properties. I therefore enter this Temporary Restraining Order without notice to the Defendants.

I HEREBY ORDER that defendants Forrest Wright, Amanda Wright, and Wright Capital Investments, LLC, together with their officers, directors, managers, agents, servants, employees, and attorneys, are hereby restrained and enjoined from selling, transferring, encumbering, or disposing of any monies received from ConocoPhillips and any assets—including real, personal, tangible, and intangible property—purchased, partially purchased, paid for, or maintained with

assets or money received from or paid to them by ConocoPhillips. This includes, without limitation, the following real properties situated in Clark County, Nevada, together with all rents, income, interest, dividends, or profits on any such assets:

    a.    Assessor's Parcel Number ("APN") 138-23-613-035
            6233 Espinosa Avenue
            Las Vegas, Nevada

    b.    APN 138-24-115-006
            5908 W Bartlett Avenue
            Las Vegas, Nevada

    c.    APN 138-25-112-019
            1524 Saylor Way
            Las Vegas, Nevada

    d.    APN 138-25-114-057
            1400 Saylor Way
            Las Vegas, Nevada

    e.    APN 138-25-312-008
            5824 Iris Avenue
            Las Vegas, Nevada

    f.    APN 138-25-314-039
            5821 Halifax Avenue
            Las Vegas, Nevada

    g.    APN 138-34-711-027
            716 Vincent Way
            Las Vegas, Nevada

    h.    APN 138-34-712-050
            609 Cline Street
            Las Vegas, Nevada

    i.    APN 138-35-711-036
            501 Slayton Drive
            Las Vegas, Nevada

    j.    APN 138-36-120-029
            5420 Banjo Street
            Las Vegas, Nevada

    k.    APN 139-08-411-011
           3602 Gold Sluice Avenue
           North Las Vegas, Nevada

    l.    APN 139-19-213-079
           4609 Sawyer Avenue
           Las Vegas, Nevada

    m.    APN 139-29-714-050
           2149 Sleepy Court
           Las Vegas, Nevada

    n.    APN 139-30-318-007
           721 Fairway Drive
           Las Vegas, Nevada

    o.    APN 140-22-314-028
           1826 Green Acres Avenue
           Las Vegas, Nevada

    p.    APN 163-01-612-049
           5201 Mountain View Drive
           Las Vegas, Nevada

    q.    APN 163-15-810-114
           3973 Arrowood Drive
           Las Vegas, Nevada

    I FURTHER ORDER that all funds held in all accounts owned or controlled by Forrest Wright, Amanda Wright, or Wright Capital Investments, LLC, or any combination thereof, are hereby frozen, and no disbursements from those accounts shall be made pending further order of this court, or until this Order expires.

    I FURTHER ORDERED that plaintiff ConocoPhillips Alaska, Inc., shall post with the court a bond or cash in the amount of **$5,000.00** in accordance with Federal Rule of Civil Procedure 65(c) as security for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongly enjoined or restrained in this action.

    I FURTHER ORDER that plaintiff ConocoPhillips Alaska, Inc.'s motion for preliminary injunction will be heard on **December 23, 2019, at 9:30 a.m.** in Courtroom 6C of the United States District Court, District of Nevada, located at 333 Las Vegas Blvd South, Las Vegas, NV

3

89101.  **That hearing will not include live witnesses.**  Rather, I will hear arguments from counsel and consider any documentary evidence for and against issuance of a preliminary injunction and whether an evidentiary hearing is needed.  If an evidentiary hearing is necessary, I will schedule that for a later date.

I FURTHER ORDER ConocoPhillips to immediately serve on all defendants copies of this temporary restraining order and all papers filed in this case.

I FURTHER ORDER that this temporary restraining order shall remain in effect until December 23, 2019, unless further extended by court order or stipulation of the parties.

DATED this 13th day of December, 2019 at 10:27 a.m. PST.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE